*In the Matter of Certified Question
from the United States District Court
for the District of Arizona
and
Concerning the Case of
Peabody Western Coal Co., Inc.*
Plaintiff
*vs.*
*Jolene Nez,* et al.
Defendants

**No. 99-CIV-2081-PCT-RGS**

In the Supreme Court of the Navajo Nation

**No. SC-CV-49-00**

July 18, 2001

C. Benson Hufford, Esq., Flagstaff, Arizona, for Plaintiff.

Levon B. Henry, Esq., Attorney General of the Navajo Nation, Terence M. Gurley, Esq., and Dana L. Bobroff, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Navajo Nation.

Daniel M. Rosenfelt, Esq., and Sarah W. Barlow, Esq., Albuquerque, New Mexico, for Defendant.

Before AUSTIN, Acting Chief Justice, and T. J. HOLGATE and R. GILMORE, Associate Justices.

Opinion delivered by Austin, Acting Chief Justice.

This decision addresses a certified question posed by the United States District Court for the District of Arizona pursuant to Rule 3 of the Navajo Rules for Declaratory Rulings on Questions of Navajo Law (1983). The precise question is "whether [Navajo Nation Council Resolution] No. CJA-18-00, enacted on February 2, 2000 and recognizing workers' compensation to be the exclusive remedy for covered injuries to employees occurring in the workplace, applies retroactively to cases pending prior to its enactment." The parties to the United States District Court action and this certified question proceeding have extensively briefed the issues. While they discussed the questions of whether the indicated resolution is ex post facto legislation, a law which denies due process or equal protection of law, or a bill of attainder, the precise focus to correctly answer the certified question is whether Navajo Nation Council Resolution No. CJA-18-00 is a "legislative act" which carries the weight of law.

Acknowledging the presumption that the Navajo Nation Council will not enact legislation which would deny civil rights in contravention of the Navajo Nation Bill of Rights,[1] noting the procedures used to place the measure before the Navajo Nation Council, and given the lack of compliance with Navajo Nation statutes for the enactment of legislation, and an additional presumption that the Navajo Nation Council will follow the limitations it places on itself, we hold that the resolution is not a statute which carries the weight of law, but a declaration of the wishes of the Navajo Nation Council and guidance for future legislation.

I

On September 22, 1999, we ruled, in the case of *Nez v. Peabody Western Coal Co., Inc.*, 7 Nav. R. 416 (Nav. Sup. Ct. 1999), that the Navajo Nation courts are not required to give full faith and credit or comity recognition to an administrative workers' compensation determination by the State of Arizona, and that a person employed on the Navajo Nation could maintain an independent personal injury action founded on Navajo common law. We also ruled that on a remand to the district court, that court must consider certain "threshold" issues which relate to the prior administrative determination, including waiver, equitable estoppel, and the availability of a remedy under Navajo common law. *Id.* at 420–421.

We elaborated on the restrictive nature of our prior ruling in *Benally v. Big*

1 1 N.N.C. §§ 1-9 (1995 ed.)

*A Well Service Co.*, 8 Nav. R. 60 (Nav. Sup. Ct. 2000), by holding that a district court's grant of comity recognition to a state workers' compensation award was not an abuse of discretion. We also said that our prior ruling created "very high barriers" for "a narrow class of claims. " *Id.* at 68. We are surprised that the *Nez* case comes back to us as a certified question rather than an appeal from the district court's determination of the required threshold questions, because we would have thought that the parties would address those barriers in litigation in our courts. The case was far from over when the federal plaintiff went to the United States District Court.

In the meantime, the Navajo Nation Council adopted Resolution No. CJA-18-00 on January 28, 2000. It provides that:

> 1. The Navajo Nation Insurance Services Program Workers Compensation Program is directed to begin development of a comprehensive workers compensation statute to cover all employers operating within the territorial jurisdiction of the Navajo Nation.

> 2. Until such time as the Navajo Nation develops a comprehensive workers compensation law covering all employers within the jurisdiction of the Navajo Nation, the Navajo Nation Council recognizes existing workers compensation coverage, whether under a state statutory scheme or under Navajo statutory law to be the exclusive remedy for covered injuries to employees occurring in the work place.

The question is whether the resolution has the force of statutory law. We take judicial notice of the fact that the Navajo Nation Council adopts many kinds of resolutions, which may approve, disapprove or recommend some action, but not all are "legislative acts" in the legal sense of statutes or legislation as such, which carry the weight of law. As we noted in *Benally v. Big A Well Service Co.*, the Navajo Nation Council has the authority to change the law in situations not involving vested civil rights, but it cannot retroactively deprive a litigant of the property right to sue for injuries. 8 Nav. R. at 3. Did the Navajo Nation Council change the law through Resolution No. CJA-18-00? To decide that, we must look to rules of statutory construction.

## II

While the parties have briefed and argued important questions under the Navajo Nation Bill of Rights, as it was in a recent Ninth Circuit Court of Appeals case posing a similar conflict between a United States Supreme Court decision and a federal statute enacted to address that decision, before "dipping our own toes into this maelstrom of institutional prerogatives," it is better to simply read the statute to ascertain what' it means. *United States v. Enas*, 255 F. 3d 662 (9th Cir. 2001) (*en banc*).

It is our duty to enforce what the Council has enacted, but there are certain presumptions that apply. The first is that the Navajo Nation Council would

not intend to violate the Navajo Nation Bill of Rights by enacting an ex post facto law,[2] adopting a bill of attainder[3] or denying an individual due process[4] or equal protection of the law. There is an additional presumption that the Navajo Nation Council would not intend to retroactively overrule a court decision or prospectively dictate the conclusion of any case pending before the Navajo Nation Courts.[5]

In addition, because we have held that Title 2 of the Navajo Nation Code is an "organic law" which takes precedence over other statutes, along with the Navajo Nation Bill of Rights, *Bennett v. Navajo Board of Election Supervisors*, 6 Nav. R. 319, 322–323 (Nav. Sup. Ct. 1990), procedural requirements for the enactment of Navajo Nation legislation must be strictly observed. In *Navajo Nation v. Redhouse*, 6 Nav. R. 305, 308 (Nav. Sup. Ct. 1990), we observed that the plain language of 2 N.N.C. § 164 required that certain officials must review and sign a proposed Council resolution. We ruled in *Redhouse* that because section 164 was intended to establish the fundamental structure and operations of the Navajo Nation Government, the review and signature process was mandatory, and following the prescribed procedures is a condition precedent to the validity of Navajo Nation legislation. 6 Nav. R. at 308.

The 'SAS" procedure in 2 N.N.C. § 164 (1995 ed. ) was amended by Navajo Nation Council Resolution No. CAP-24-97 (April 22, 1997). The attorneys for Jolene

2  *See, MacDonald v. Redhouse*, 6 Nav. R. 342 (Nav. Sup. Ct. 1991) (review of ex post facto principles under the Navajo Nation Bill of Rights) . *See also, Camel v. Texas*, 529 U.S. 513 (2000) (most recent United States Supreme Court application of the doctrine), and Robert C. Feldmeier, *Armsted and Its Progeny: The Illinois Supreme Court's "Vested Rights" Approach to the Application of Statutory Amendments to Pre-Existing Cases or Causes of Action*, 25 S. Ill. U. L. J. 95 (2000) (showing the difficulty of knowing when a right is "vested" or not).

3  *See, MacDonald v. Redhouse*, 6 Nav. R. 342 (definition of a "bill of attainder"). Given the Navajo Nation's assertion that civil legislation is not a bill of attainder, see, Brian M. Hoffstadt, *Retaking the Field: The Constitutional Constraints on Federal Legislation That Displaces Consent Decrees*, 77 WASH. U. L. Q. 53, 54-119-138 (1999) (review of the application of the bill of attainder doctrine, and arguing that there is "punishment" when there is a deprivation of any right previously enjoyed or the legislation makes identifiable people worse off than they were before, Id. at 123).

4 The right to a cause of action is a property right which cannot be taken without just compensation without a violation of due process of law. *Benally v. Big A Well Service Co.*, 8 Nav. R. 60. Accord, *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-430 (1982) (cause of action as "property" for purposes of due process deprivations).

5  *See, United States v. Klein*, 80 U.S. (Wall.) 128 (1871); *Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429 (1992) (a legislature may not decide the merits of a case under the guise of limiting jurisdiction; any change in statutory law must be prospective and not involve the litigants in a given case); and *Miller v. French*, 530 U.S. 327 (2000) (most recent application of the doctrine by the United States Supreme Court).

Nez contend that the procedure under those amendments was not followed because the President, Vice President or relevant division director did not review and sign the resolution. We do not make a decision on that ground here.

Our concern is that under 2 N.N.C. § 164(D)(1) (April 22, 1997), the authorities who are required to review proposed resolutions, and most particularly the Attorney General and the Legislative Counsel, must "Determine whether each proposed resolution is legally sufficient." The precise question posed to us by the United States District Court for the District of Arizona is whether or not the Council's resolution retroactively applies to Jolene Nez and her cause of action. We hold that it does not, because there would have been significant issues implicating her rights under the Navajo Nation Bill of Rights which would have to have been considered to make such a resolution "legally sufficient." We further note that while her case was discussed by the Navajo Nation Council, there is no reference to her in the resolution. We will resort to legislative history only where the Statute is vague, *PC&M Constr. Co., Inc. v. Navajo Nation,* 7 Nav. R. 58 (Nav. Sup. Ct. 1993), and it is quite clear that the resolution did not apply to Jolene Nez by its own terms.

An additional consideration is the requirement of 2 N.N.C. § 165 (1995 ed.) as to legislation: "All resolutions proposing new laws or amendments of laws shall clearly indicate new language by underscoring the new language and deletion by overstrike and shall refer to appropriate Navajo Nation Code titles and sections." (emphasis added). There is no reference in Resolution No. CJA-18-00, Resolved Cl. No. 1, to the powers and duties of the Insurance Services Department, which administers the Navajo Nation Workers' Compensation Act, to add the duty of developing a comprehensive workers' compensation statute as a statutory mandate. *See,* 15 N.N.C. § 1008 (1995 ed.). Therefore, Resolved Cl. No. 1 is not a statute. It is a legislative resolution requiring an administrative agency to take certain actions.

While the Navajo Nation Council "recognizes" existing state and Navajo Nation statutory law as the exclusive remedy for worker injuries, Resolution No. CJA-18-00, Resolved Cl. No. 2, there is no reference to any title in the Navajo Nation Code or any provision of the Navajo Nation Workers' Compensation Act, and the language is not underscored, indicating "new language" for a "new law." 2 N.N.C. § 165. The word "recognize" is precatory ("should") policy language, while the word "declare" would have been the kind of language we would expect to find in a statute.

Finally, the Navajo Nation President has the power to "[v]eto legislation passed by the Navajo Nation Council" and no evidence was presented to this Court that the president reviewed Resolution No. CJA-18-00 pursuant to 2 N.N.C. § 1005(C) (10) (1995 ed.) (this section gives the president veto power). That also tells us that this resolution is not legislation, so it does not have the weight of statutory law. Given the presumptions that the Navajo Nation and its officials and reviewing attorneys will follow both the Navajo Nation Bill of Rights and the

Title 2 provisions regarding the enactment of valid legislation, we cannot help but conclude, as a matter of statutory construction, that Navajo Nation Council Resolution No. CJA-18-00 is not a "legislative act." It is, instead, a statement of policy by the Navajo Nation Council in enacting a resolution to require legislation in the future to address our ruling in the *Nez* case.

### III

Based upon those considerations and our construction of the resolution in question, we answer the certified question by ruling that the resolution is not retroactive legislation, and it is not "legislation" within the meaning of 2 N.N.C. § 165, but only a statement of opinion as to the future public policy of the Navajo Nation in duly-adopted legislation.